IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    1:06-CV-00247-WKW-DRB |
| | ) |
| EAST GATE INN, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

By Order filed herewith the court has granted permission for this *pro se* Plaintiff to proceed *in forma pauperis* but has stayed further proceedings on her Complaint filed March 17, 2006, because it is evident that the Complaint suffers from procedural and jurisdictional deficiencies which warrant its dismissal unless the deficiencies are remedied promptly. <u>Accordingly, the Plaintiff is INSTRUCTED to read carefully and to comply with the specific guidance provided in this Order and to re-evaluate of the merits of continuing this action</u>

    **1. Deficiencies in the complaint; direction to file amended complaint**

Though it is captioned "Complaint Racial Discrimination - Fair Housing Act", the one-paragraph complaint provides insufficient information about the entity sued and the basis for the lawsuit. Because the federal court is a court of limited jurisdiction, the court is bound to decide first whether plaintiff's complaint can be maintained in this court on either "diversity" or "federal question" jurisdictional grounds. The only information supplied for the defendant is its residence in Dothan, Alabama, also the Plaintiff's residence; the court cannot determine from the complaint whether East Gate Inn is a corporate entity with its citizenship in the State of Alabama. If the

plaintiff intended to invoke this court's federal question jurisdiction, the filed complaint fails to state a cause of action under any federal constitutional or statutory provisions which protect against racial discrimination in housing.  ***The complaint reads***, verbatim:

> The plaintiff is complaining of racial discrimination Procedure Act Racial Discrimination Act of 1866, form a business named East Gate Inn, Plaintiff is also seeking relief of the Fair Housing Act, 42 U.S.C. 3601 et seq.  The Plaintiff was habitual talked against, Traes the counter help for the East Gate Inn.  Trease instigated a terminus lie, telling Country Line Church not to pay $189.00 for one weeks rent, the East Gate Inn has allowed others to pay rent with a checks other churches.  East Gate Inn told information to Country Line Church intending to reflect a outlook against my living arrangements.  Plaintiff is seeking relief under Assembly resolution 2200A(XXI) of 16 December 1966, Civil Procedure Rule 65 Denying right to freely exercise religion.  The Plaintiff is seeking settlement of $1,000.000.00, Plaintiff is Praying before God the Plaintiff win the settlement.  Defendant address 1080 Ross Clark Circle Dothan, Alabama 36302.  Exhibit A.

[the referenced exhibit consists of a page from the court's website describing the counties within the Middle District of Alabama]

As best as the court can determine, the complaint appears to be grounded on the failure or refusal of East Gate Inn to accept a $189.00 check from the Country Line Church as payment for one week's rent, apparently due from the plaintiff.  How the alleged act constitutes racial discrimination is left to speculation as the complaint neglects to identify even the Plaintiff's race, the race of any persons responsible for the complained-of action, and the legal basis for any contention that the act is prohibited by federal anti-discrimination laws or by the federal constitution.

**For good cause, it is**

**ORDERED that Plaintiff file by April 17, 2006, *either* an amended complaint which asserts a valid, factually supported, and timely federal causes of action for which relief can be granted, OR, notice that she desires to withdraw his complaint in this court.**  Failure to comply with the instructions and directives in this ORDER will result in a recommendation that this lawsuit be dismissed with prejudice.

PLAINTIFF IS FURTHER ADVISED AS FOLLOWS:

2. **The privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations** designed not only to conserve limited judicial resources but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or mis-guided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy.

Frivolous or malicious lawsuits duties against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing dismissal from the action. Thus, even a *pro se* plaintiff has an obligation under Fed.R.Civ.P.8(a) to provide "a short and plain statement of the claim showing that [she] is entitled to relief"; **this duty imposes a requirement that such a plaintiff include, at minimum, a statement of the acts or omissions – as well as pertinent dates and places for any relevant occurrences – of <u>each named defendant</u> who is alleged to have violated any federal constitutional** *or statutory rights,* **together with a concise summary of the manner in which the named defendant accomplished the alleged violations.**

3. *Pro se* **litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure**, which provides in pertinent part at Rule 11(b):

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
>   (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
>   (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

*A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting* "an inquiry reasonable under the circumstances" in order to inform her "knowledge, information, and belief" about the merits of the lawsuit. Rule

3

11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

**4.  *Pro se* litigants who are permitted to proceed in federal court without paying a filing fee are subject to Title 28 of the United States Code at Section 1915**, and this court specifically has a duty to comply with Section 1915(e)(2), subsection(A) and subsection (B), wherein it is provided that the court shall dismiss the case at any time if the court determines (A) that the allegation of poverty is untrue, or (B) that the action ( i ) is  frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)seeks monetary relief against a defendant who is immune from such relief.

**5.  Litigants desiring to advance civil claims of the nature contemplated in this action are not entitled to appointment of counsel for legal representation, and this court has no available funds or authorization to make any such appointments.**  This court cannot and will not act as counsel for the plaintiff, who is advised hereby that while his intentions may be good, it is clear to this court that he is unable to represent himself competently in these federal actions which require even licensed lawyers to be competent in various procedural and substantive laws unique to the federal court. *Plaintiff is encouraged to seek consultations – which may be available without cost – with competent lawyers about the merits of this action.*

Done this 28th day of March, 2006.

　　　　　　　　　　　　　　　　　　　　/s/ Delores R. Boyd
　　　　　　　　　　　　　　　　　　　　DELORES R. BOYD
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE