IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:06-CV-00247-WKW-DRB |
| | ) | [wo] |
| EAST GATE INN, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

By Orders filed March 28, 2006, the Magistrate Judge granted permission for this *pro se* Plaintiff, Angela Denise Nails, to proceed *in forma pauperis* but stayed further proceedings on her Complaint filed March 17, 2006, because it is evident that the Complaint suffers from procedural and jurisdictional deficiencies which warrant its dismissal unless the deficiencies are remedied promptly. (Docs. 4, 5). Because the Amended Complaint filed April 6, 2006 (Doc. 6). does not cure the deficiencies, and it is evident that the Plaintiff cannot state a valid claim which can sustain federal court jurisdiction, it is the Recommendation of the Magistrate Judge that this action be dismissed, prior to service of process, pursuant to the provisions of 28 U.S.C. §1915(e).

I.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous or malicious OR fails to state a claim on which relief may be granted. At any stage

1

of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears that the plaintiff "has little or no chance of success."  *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A district court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton*, 504 U.S. at 32-33.

## II.

In this "Amended Complaint Neglentace Housing Discrimination Racial Discrimination [sic]" against East Gate Inn, described as "a Sole Proprietor ... An entity of it own and citizenship is in the State of Alabama", Plaintiff Angela Denise Nails, a resident-citizen of Dothan, Alabama ("Nails"),  states her legal claim as follows:

> Bases of legal suit is the Negligence of Defendant(s).  The Plaintiff was a resident of the East Gate Inn. The Defendant(s) front Desk Clerk Trease hinder another organization from paying the Plaintiff rent of $189.00 for a weekly rent rate.  Trease front desk of East Gate Inn slander information to another person about the Plaintiff in the operation of a business transaction of paying a bill denying the bill to be paid runnening my history between the Plaintiff and another organization.

The gist of these allegations  – as  best as can be discerned from verbiage which lacks clarity, to be charitable – is a complaint that the Defendant apartment complex wrongfully refused to allow a third-party to pay $189.00 for Nails' rent. In the acknowledged absence

of any diversity of citizenship between the parties, federal jurisdiction must rest on a federal question arising from the United States Constitution or federal statutes. Nails proffers "the Fair Housing Act of 1968 . .. Title IV Section 260.34(b)(1) and (2)" but her scattered references lack any substantive statement of any valid claim grounded on the "racial discrimination in housing" or "religious discrimination" she claims. As previously stated in the ORDER directing Nails to file an amended complaint:

> The complaint appears to be grounded on the failure or refusal of East Gate Inn to accept a $189.00 check from the Country Line Church as payment for one week's rent, apparently due from the plaintiff. How the alleged act constitutes racial discrimination is left to speculation as the complaint neglects to identify . . . the legal basis for any contention that the act is prohibited by federal anti-discrimination laws or by the federal constitution.

(Order, Doc. 5 at 2).

No facts alleged in the amended complaint can be construed reasonably to implicate any right or privilege secured by federal law or the Constitution. The complaint clearly lacks any arguable basis in law and fact. Notwithstanding the allegation that the amount in controversy exceeds $75,000, nothing in the amended complaint suggests even remotely any foundation for this jurisdictional requirement. In sum, this action is frivolous and due to be dismissed.

### III.

It bears documenting that Nails filed half a dozen lawsuits in this court on March 17, 2006 – including the present action – charging a variety of defendants with spurious claims

most frequently seen in state court litigation:

- **Case no. 1:06-cv-00246-MEF-VPM**
  **Nails v. Eugene Preston and Pauline Preston**
  > negligence action arising from auto accident, or some other event, occurring in January 2003; dismissed without prejudice on 4/7/06 for lack of subject matter jurisdiction

- **Case no.  1:06-cv-00249-MEF-VPM**
  **Nails v. Dothan Rescue Mission**
  > damages claimed for defendant's alleged failure to provide   assistance or service on unspecified date; dismissed without prejudice on 4/7/06 for lack of subject matter jurisdiction

- **Case no. 1:06-cv-00250-MEF-SRW**
  **Nails v. Ruby Beavers**
  > purported discrimination claim under the Fair Housing Act arising from defendant's alleged failure to address complaints of harassment on unspecified dates  by other tenants in an Aliceville, AL apartment complex; dismissed without prejudice on 4/17/06  for improper venue

- **Case no. 1:06-cv-00251-MHT-DRB**
  **Nail v. Al Jones**
  > claim against an attorney for neglecting a legal matter entrusted to him, on some unspecified date and in a manner not described,  in alleged violation of Rule 1.14 of the Ala. Professional Code of Conduct

- **Case no. 1:06-cv-00252-MHT-CSC**
  **Nails v. Centurytel Phone Company**
  > negligence complaint arising from defendant's alleged failure to follow telephone regulations, rules, and guidelines in connection with "fraudulent" charges and interruption of  phone service

- **Case no. 1:06-cv-00253-MEF-VPM**
  **Nails v. Compass Bank Dothan**
  > April 12, 2006 Recommendation for dismissal without prejudice for lack of jurisdiction of an amended complaint purporting to state negligence claims arising from  closure of accounts of deposit

## IV.

Because the complaint fails to state any cognizable claim for relief in this court, and is patently frivolous, **it is the Recommendation of the Magistrate Judge that this action be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), for failure to state a claim for which relief can be granted.**

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* not later than **May 3, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of April, 2006.

                                                **/s/ Delores R. Boyd**
                                                DELORES R. BOYD
                                                UNITED STATES MAGISTRATE JUDGE